HANING et al., Appellants,

v.

RUTLAND FURNITURE, INC., Appellee.

[Cite as *Haning v. Rutland Furniture* (1996), 115 Ohio App.3d 61.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 96CA1719.

Decided Sept. 30, 1996.

*Southeastern Ohio Legal Services, Gary M. Smith, John Pembroke*, and *Robert R. Romaker*, for appellants.

*J.B. Yanity*, for appellee.

---

KLINE, Judge.

Rebecca Haning and Melvina Stephenson appeal from the grant of summary judgment to Rutland Furniture, Inc. ("Rutland"). On appeal, Haning and Stephenson contend that the Athens County Municipal Court erred in failing to find that Rutland violated the Consumer Sales Practices Act. We disagree because the Consumer Sales Practices Act did not apply to transactions between Rutland and Haning or Stephenson. Accordingly, we affirm the judgment of the trial court.

I

Rutland supplies propane gas to customers throughout southeast Ohio and West Virginia. Haning and Stephenson resided at rental properties where propane gas was the primary heat source. At both rental properties, Rutland had contracted with the owner of the property to install a propane tank and deliver propane to the resident. Haning and Stephenson contend that Rutland violated the terms of the contract by (1) requiring a minimum purchase for delivery, (2) requiring immediate payment for gas delivered, and (3) misrepresenting its credit practices.

Haning and Stephenson filed suit claiming that Rutland violated the Consumer Sales Practices Act. Rutland moved for summary judgment, while Haning and Stephenson moved for partial summary judgment. The trial court granted summary judgment to Rutland because the court found that Haning and Stephenson had failed to state a claim. Haning and Stephenson now appeal and assert the following assignments of error:

"I. The trial court erred in failing to find that Rutland committed unfair or deceptive acts or practices when it falsely represented the parties' obligations under Rutland's standard residential bulk sales contracts.

"II. The trial court erred in failing to find that Rutland committed unfair or deceptive acts or practices when it refused to provide Ms. Haning and Ms. Stephenson with the uninterrupted supply of propane for which it was contractually obligated.

"III. The trial court committed reversible error when it denied a jury trial on appellants' remaining claim that Rutland Bottle Gas committed unconscionable practices in violation of R.C. 1345.03(A).

"IV. The trial court erred as a matter of law in denying discovery on financial and economic information while allowing Rutland to defend based on an economic justification."

## II

Summary judgment is appropriate when the following factors have been established: (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786, 787–788. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley,* 75 Ohio App.3d at 411–412, 599 N.E.2d at 788. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12.

The material facts are not in dispute. We resolve this matter by reference to the Consumer Sales Practices Act, R.C. 1345.01 *et seq.,* and R.C. 4905.03. The Consumer Sales Practices Act applies to consumer transactions; a consumer transaction is defined at R.C. 1345.01(A). Haning and Stephenson contend that the Rutland–Haning and Rutland–Stephenson transactions were consumer transactions. We disagree.

The term "consumer transaction" does not include those transactions between persons defined in R.C. 4905.03 and their customers. R.C. 1345.01(A). Persons defined in R.C. 4905.03 include both "a natural gas company, when engaged in the business of supplying natural gas for lighting, power, or heating purposes to consumers" and "a gas company, when engaged in the business of supplying artificial gas for lighting, power, or heating purposes to consumers." R.C. 4905.03(A)(5), (6).

Haning and Stephenson were consumers using the propane for heating purposes. Propane is a gas that "occurs naturally in crude petroleum and natural gas." Webster's Third New International Dictionary (1993) 1817. Therefore,

propane is a "natural gas" and Rutland is a "natural gas company" as used in R.C. 4905.03(A)(6).

We find that in its transactions with Haning and Stephenson, Rutland was a person defined in R.C. 4905.03. Haning and Stephenson were Rutland's customers in these transactions. Therefore, the Rutland–Haning and Rutland–Stephenson transactions were not consumer transactions as defined in R.C. 1345.01(A). Accordingly, the Consumer Sales Practices Act does not apply.

Haning and Stephenson's complaint was based on the Consumer Sales Practices Act, which does not apply to their transactions with Rutland. Therefore, summary judgment was appropriate for Rutland. All of Haning and Stephenson's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE, P.J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

In the interest of judicial economy, I am tempted to concur in the judgment of the majority. However, I am concerned over the procedural aspects of our decision. While we conduct a *de novo* review, we should not consider issues that were not presented to the trial court. See by way of analogy, *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138, 141. The appellee did not contend in its motion for summary judgment that the Consumer Sales Practices Act does not apply to this transaction. Despite the fact that the appellee did raise this defense in its answer, the inapplicability of the statute was not the basis for the motion. Thus, I am forced to dissent.