DECISION AND JUDGMENT ENTRY
This is an appeal from a Pickaway County Common Pleas Court summary judgment entered in favor of State Farm Mutual Automobile Insurance Company, plaintiff below and appellee herein.
David Allen Hayhurst, defendant below and appellant herein, raises the following assignment of error for review:
 "THE COURT BELOW ERRED WHEN IT FAILED TO CONSTRUE THE AVAILABLE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE APPELLANT, FOUND THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTS, AND GRANTED SUMMARY JUDGMENT TO STATE FARM."
The instant case arises out of a series of collisions that occurred at appellant's apartment complex. The facts leading up to the collisions follow.
On March 15, 1997, appellant noticed a note taped to the door of his apartment. The note indicated that the writer, a woman supposedly named Suzanne, wished to meet appellant at Tootle's Bar in Circleville. Around 8:00 in the evening, appellant traveled to the bar, anticipating that he would meet Suzanne. Shortly after appellant arrived at the bar, the bartender handed appellant a note that stated, "You must be the dumbest son of a bitch in the world. Love, Suzanne. See you at work Monday." Appellant deduced that the initial note from Suzanne was a fake and that a co-worker had played a practical joke on appellant.
Appellant stated that after learning of the joke, he felt angry, stupid, naive, and depressed. Appellant stated that several customers appeared to be laughing at him. Appellant decided to order a drink and, after consuming a large quantity of alcohol, appellant drove home to his apartment complex.
When appellant arrived at his apartment complex, appellant stated that he "pulled into the driveway and for some reason [he] just started making circles around the garages." Appellant stated that he was traveling approximately fifteen to twenty miles per hour. Appellant stated that he hit "something" and that he continued to drive his car in loops or circles around the garage area. Appellant also stated that a police officer arrived and that appellant handed the car keys to the officer.
As a result of the incident, the front portion of appellant's vehicle suffered damage. Additionally, several buildings at the apartment complex were damaged.
At his deposition, appellant stated that he remembered one collision as being a head-on collision. When asked to explain the head-on collision, appellant replied "I think it was just from being depressed and feeling the — feeling bad about what I went through that night." Appellee's attorney inquired further as to appellant's intention with respect to the head-on collision: "Q: Did you take your car and go for the wall, or did you accidentally hit the wall as you were doing your loops [?]* * *" Appellant responded, "No, I think I — at least the hits to the garage, I think probably, like you said, yeah, out of frustration and anger." Appellant explained that the hits to the garage buildings were not accidental. Appellant further stated, however, that he did not "try to hit anything" or "to damage anything."
On March 16, 1998, appellee filed a declaratory judgment action seeking a determination of its obligations pursuant to a contract of automobile insurance between appellant and appellee. Appellee requested the court to declare that appellee is not obligated to: (1) defend appellant in any lawsuit or claim for damages arising out of the incident; (2) cover or indemnify appellant for any sums which appellant may become obligated to pay arising from the incident; and (3) pay physical damage to appellant for damage to his vehicle.
On April 16, 1999, appellee filed a motion for summary judgment. Appellee's motion asserted that no genuine issues of material fact remained as to whether it was obligated to defend or indemnify appellant. Appellee argued that the insurance policy provides coverage for damage caused by an "accident." Appellee contended that the March 15, 1997 incident was not an "accident."
On July 22, 1999, the trial court granted appellee summary judgment. The trial court agreed with appellee that the evidence demonstrated that the damage did not occur as the result of an accident. The trial court found it "difficult to fathom how [appellant] could drive his vehicle into the buildings and not expect to cause damage thereto." Appellant filed a timely notice of appeal.
Appellant's sole assignment of error asserts that the trial court erroneously granted appellee summary judgment. Appellant argues that genuine issues of material fact remain for resolution at trial as to whether appellee possesses an obligation to defend and indemnify appellant. Specifically, appellant contends that genuine issues remain regarding whether appellant's conduct surrounding the March 15, 1997 incident constituted an accident. Appellant argues that certain statements in his deposition and in his affidavit demonstrate that appellant did not intend to cause any damage to his vehicle or to the buildings in his apartment complex.
Appellee asserts that appellant's conduct on March 15, 1997 does not fall within the coverage of the policy. Appellee contends that appellant acted intentionally when he hit the apartment buildings and that appellant's insurance policy covers only "accidents," not intentional conduct. Appellee argues that appellant's self-serving affidavit that appellant did not intend to hit or to damage anything is insufficient to demonstrate a genuine issue of material fact.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd.of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153,1157; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786, 788. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56 (C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Consequently, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
Pursuant to Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56 (C); Dresher, supra.
 "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."
Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65, 72-73. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56 (E); Dresher, supra.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56 (E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Thus, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56 (C), that a genuine issue of material fact remains for trial. Moreover, we note that:
 "`[T]he non-moving party cannot defeat a motion for summary judgment by submitting an affidavit which, without explanation, directly contradicts his previous deposition testimony. [Push v. A-Best Products Co.
(Apr. 18, 1996), Scioto App. No. 94 CA 2306, unreported]; also see Steiner v. Steiner (Jul. 12, 1995), Scioto App. No. 93CA2191, unreported; LeMaster v. Circleville Long Term Care. Inc. (Feb. 22, 1988), Pickaway App. No. 87CA2, unreported. Our decision in Push left open the possibility that a non-movant could still contradict prior deposition testimony, and defeat a motion for summary judgment, if his affidavit contained an explanation for the conflict."
Fiske v. Rooney (1998), 126 Ohio App.3d 649, 661, 711 N.E.2d 239,247.
A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher,supra; Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031. The substantive law determines whether a genuine issue of material fact remains.Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,106 S.Ct. 2505, 2510, 91 L.Ed.2d 202; Turner v. Turner (1993),67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126; Perez v. Scrips-HowardBroadcasting Co. (1988), 35 Ohio St.3d 215, 218-19,520 N.E.2d 198, 202. As the court stated in Anderson, supra:
 "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."
In the case at bar, we agree with the trial court that no genuine issues of material fact remain for resolution at trial. We agree with appellee and the trial court that the March 15, 1997 collisions did not constitute accidents. Rather, we believe that reasonable minds could only conclude that appellant's conduct on March 15, 1997 was intentional and, thus, outside the scope of insurance coverage.
It is well-settled that "an insurance company is under no obligation to its insured, or to others harmed by the actions of an insured, unless the conduct alleged of the insured falls within the coverage of the policy." Gearing v. Nationwide Ins.Co. (1996), 76 Ohio St.3d 34, 36, 665 N.E.2d 1115, 1117. "Coverage is provided if the conduct falls within the scope of coverage defined in the policy, and not within an exception thereto." Id.
In Ohio, "public policy generally prohibits obtaining insurance to cover damages caused by intentional torts."Gearing, 76 Ohio St.3d at 38, 665 N.E.2d at 1118. Thus, insurance coverage for an incident is not mandated for intentional, as opposed to accidental, conduct. See id. ("Liability insurance does not exist to relieve wrongdoers of liability for intentional, antisocial, criminal conduct.")
In Gearing, 76 Ohio St.3d at 39, 665 N.E.2d at 1119, the Ohio Supreme Court explained that intentional acts include acts that are substantially certain to cause injury and that the insured's lack of subjective intent to cause injury is not dispositive of the issue of insurance coverage. The court stated:
 "* * * [A]n insured's intentional act does not cause `accidental' results when the act ~ is so inherently injurious that it cannot be performed without causing the resulting injury.' Thus, in those cases where an intentional act is substantially certain to cause injury, determination of an insured's subjective intent, or lack of subjective intent, is not conclusive of the issue of coverage. Rather, an insured's protestations that he `didn't mean to hurt any[thing]' are only relevant where the intentional act at issue is not substantially certain to result in injury."
Id. (quoting Vermont Mut. Ins. Co. v. Malcom (1986), 128 N.H. 521,524, 517 A.2d 800, 802).[1] Intent will be inferred as a matter of law in those instances where an injury is substantially certain to occur in light of the surrounding circumstances.Gearing, 76 Ohio St.3d at 36, 665 N.E.2d at 1117.
In the case at bar, we agree with the trial court's
conclusion that appellant's conduct constituted intentional conduct and thus was outside the scope of the insurance policy. As the trial court stated:
 [I]t cannot be argued that [appellant's] actions of driving his vehicle into the apartment building and garages was anything other than intentional. Additionally when such an action is undertaken, damage to the property is substantially certain and, in fact, should be `expected.' There can be no question that the resulting damage to the property was substantially certain to occur given [appellant's] actions of driving his vehicle into the apartment building and garages. It is difficult to fathom how [appellant] could drive his vehicle into the buildings and not expect to cause damage thereto."
We agree with the trial court's reasoning that in view of appellant's actions, the damage to the structure was substantially certain to occur. Thus, appellant's intent to injure may be inferred as a matter of law.
Appellant argues, nevertheless, that his affidavit stating that he did not intend to hit or damage anything creates a genuine issue of material fact. We disagree. As we stated inFiske, supra: "`[T]he non-moving party cannot defeat a motion for summary judgment by submitting an affidavit which, without explanation, directly contradicts his previous deposition testimony.'" (quoting Push, supra). During his deposition, appellant admitted that he hit the garage out of anger and frustration and that the hits to the garage were not accidental. Appellant fails to explain the contradiction between his previous deposition testimony and the statements averred in his affidavit.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, J.: Concurs in Judgment Opinion, *Grey, J,: Dissents
 For the Court ______________________________ Peter B. Abele, Judge.
* Lawrence Grey, retired, sitting by assignment of the Ohio Supreme Court in the Fourth District.
[1] The Ohio Supreme Court recently addressed insurance coverage for intentional conduct. See Buckeye Union Ins. Co. v.New England Ins. (1999), 87 Ohio St.3d 280, 720 N.E.2d 495. Language exists in the plurality opinion that "an intent to injure, not merely an intentional act, is a necessary element to uninsurability." Id., 87 Ohio St.3d at 283, 720 N.E.2d at 499. Because a majority of the court did not agree with the foregoing language, however, we do not believe Buckeye Union requires us to reach a different result. Additionally, we believe that based upon the evidence submitted in the case sub judice, appellant's actions in ramming the building do constitute an "intent to injure."