DECISION AND JUDGMENT ENTRY
William and Sandra Minix appeal the decision of the Scioto County Court of Common Pleas, which granted summary judgment to Bret and Cheryl Collier and Donald Hammond. The Minixes argue that the trial court erred in granting summary judgment because the Colliers and Hammond never filed an answer to their amended complaint. Because the Minixes did not raise this argument in the trial court, they have waived it. The Minixes also argue that the trial court erred by granting summary judgment to the Colliers and Hammond and by denying their motion for summary judgment. We disagree because we find that reasonable minds can find only (1) that the Colliers and Hammond did not wrongfully take or keep the Minixes' money, and (2) that neither Collier nor Hammond acted as Sunbelt's agents. Accordingly, we affirm the judgment of the trial court.
 I.
Bret Collier ("Collier"), William's co-worker of approximately seventeen years, approached William about investing money in an investment scheme that provided short-term loans to developers who needed capital quickly. William knew that Collier enjoyed a standard of living substantially above his salary. In recent years, William noticed that Collier purchased several expensive items and his wife quit her job. Assuring the Minixes that the investment scheme was safe, Collier related that their money would be forwarded to his "uncle Don," (Hammond) a minister, who would then forward the money to Sunbelt Development Corporation ("Sunbelt"), a Louisiana-based company established by Wendell Rogers.
Relying on the fact that Collier and Hammond were Christian people, the Minixes invested $30,000. According to the Minixes, Collier led them to believe this initial investment would yield a twelve percent return within thirty days. Sandra issued two checks payable to Donald Hammond totaling $30,000. The Minixes did not receive the promised return in thirty days. Collier told the Minixes that they would receive the capital in approximately two weeks or they could reinvest the initial capital and earned interest and receive another ten percent return within a thirty-day period. The Minixes then reinvested the initial $30,000 in capital, the expected interest ($3,600), plus an additional $40,000 for a total investment of $73,600.
During this second thirty-day investment period, the media reported that Sunbelt and Rogers were involved in deceptive business practices. After the end of the second thirty-day investment period passed without the Minixes receiving their interest or capital, Sandra called Hammond, who informed her that he had documentation of her investment, and had unsuccessfully gone to Louisiana to find Rogers. The Minixes never received the interest or the return of the $70,000 in capital.
In September of 1994, the Minixes filed complaints against the Colliers, Hammond, Rogers, and Sunbelt alleging fraud and conversion. The complaint alleged that Collier acted as an agent of Hammond and/or Sunbelt and Rogers, and that Hammond was the principal recruiter in Southern Ohio for Sunbelt. The Colliers and Hammond generally denied the allegations. Both Collier and Hammond filed for summary judgment, arguing that the Minixes could not prove one or more elements of fraud. The court granted these motions, and dismissed not only the fraud claim, but the conversion claim as well. On appeal, we affirmed the grant of summary judgment on the fraud claim, but reversed the grant of summary judgment on the conversion claim because the Minixes had never addressed their motion to that aspect of the complaint. SeeMinix v. Collier (Mar. 31, 1998), Scioto App. No. 97CA2523, unreported ("Minix I")
On remand, the Colliers and Hammond moved for summary judgments on the Minixes' conversion claim. Their arguments essentially were that the Minixes had given the $70,000 of initial capital investment to Collier with the intention that it would be transferred to Hammond who would, in turn, invest the money in Sunbelt. They cited deposition testimony given by both Sandra and William Minix that this was their intent and was, to the best of their knowledge, exactly what happened. Neither of the Minixes offered any testimony that the capital was retained by either Collier or Hammond or was disposed of except as an investment in Sunbelt as they had directed. Further, Hammond submitted an affidavit in support of his own motion wherein he attested that "all monies he received for further transfer to Sunbelt were transferred by him to said Sunbelt in accordance with the directions of the owners of said monies."
The Minixes filed opposing memoranda as well as their own motion for summary judgment. However, rather than directly addressing the conversion issue, the Minixes directed their arguments at establishing agency relationships between Collier, Hammond, Rogers and Sunbelt. Indeed, the gravamen of their argument was that "the issues in the case are whether or not Collier and Hammond acted as agents for Rogers and Sunbelt and each other." The closest they came to actually addressing the conversion claim was asserting that some of the money they invested was deposited into Cheryl Collier's personal account.
On October 23, 1998, the trial court entered judgment sustaining the motions filed by the Colliers and Hammond. The court determined that neither Collier nor Hammond had committed an "actionable wrong" against the Minixes insofar as a claim for conversion. Consequently, the trial court overruled the motion for summary judgment filed by the Minixes.
The Minixes also filed a motion for summary judgment arguing that Collier and Hammond were agents of each other and of Sunbelt. The trial court denied their motion.
On appeal, we determined that there was no final appealable order because, although the trial court issued a decision granting a default judgment against Sunbelt and Rogers, it had failed to issue an entry formalizing that decision. See Minix v.Collier (July 16, 1999), Scioto App. No. 98CA2619, unreported. Upon remand, the trial court issued such an entry. The Minixes now appeal the grant of summary judgment by the trial court on the conversion claim to the Colliers and Hammond. They assert the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY 1) DENYING PLAINTIFF/APPELLANT'S MOTION FOR SUMMARY JUDGMENT REGARDING APPELLANT'S AGENCY CLAIM; AND 2) GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT REGARDING THE CONVERSION CLAIM WHERE DEFENDANT/APPELLEES NEVER ANSWERED THE AMENDED COMPLAINT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT REQUESTING THAT THE COURT FIND COLLIER AND HAMMOND ACTED AS AGENTS FOR ROGERS AND SUNBELT AND EACH OTHER.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT REGARDING THE CONVERSION CLAIM.
 II.
In their first assignment of error, the Minixes argue that the trial court erred in granting summary judgment because the Colliers and Hammond never filed an answer to their amended complaint. The Colliers assert that they responded to the amended complaint by filing for summary judgment and in any event a default judgment is inappropriate because they have otherwise defended the action filed against them. They also point out that the Minixes failed to raise their argument to the trial court. Hammond makes essentially the same arguments.
It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not consider issues that an appellant failed to raise initially in the trial court. Lippy v. Society Natl. Bank (1993),88 Ohio App.3d 33. Because the Minixes failed to raise this argument in the trial court, they have waived it on appeal. Accordingly, we overrule their first assignment of error.
 III.
We consider the Minixes' second and third assignment of error together because they both deal with the conversion count of the complaint. Although not articulated in their brief, the Minixes' second assignment of error seeks to hold Collier and Hammond liable for Sunbelt's conversion of the Minixes' money.
Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988),37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also, Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806,809.
The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresherv. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler
(1988) 38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist." Morehead v. Conley,75 Ohio App.3d at 413.
When a defendant to a conversion claim moves for summary judgment, the trial court should grant the motion if the plaintiff fails to produce evidence on any of the following elements: (1) the plaintiff has ownership interests or a right to possession of the property at the time of the conversion; (2) the defendant's conversion was by a wrongful act or disposition of the plaintiff's property rights; and (3) damages resulted from the conversion. Minix I, supra, citing Martin v. Silverman (July 13, 1995), Cuyahoga App. No. 67989, unreported.
"The relationship of principal and agent * * * exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks." Hanson v. Kynast (1986),24 Ohio St.3d 171, paragraph one of the syllabus, approving and following Councell v. Douglas (1955), 163 Ohio St. 292; Baird v.Sickler (1982), 69 Ohio St.2d 652.
 A.
In their third assignment of error, the Minixes argue that a genuine issue of material fact exists as to whether the Colliers or Hammond kept the money invested by the Minixes instead of forwarding it to Sunbelt. The Colliers and Hammond argue that there is no evidence that they wrongfully obtained the Minixes' money or that they still have it. Essentially, they assert that there is no conversion because they did exactly what the Minixes instructed them to do: forward their money to Sunbelt.
The Minixes' deposition testimony is that they willingly gave the money to the Colliers with the intention that the Colliers would give the money to Hammond, who would in turn give it to Sunbelt. In arguing that the Colliers and Hammond have wrongfully retained their money, the Minixes rely on the fact that there is no proof that Sunbelt ever received their money. However, the Minixes bear the burden of proving the elements of conversion, which includes either wrongful taking of the property or wrongful retention. Once a party files a motion for summary judgment and has supported the motion with appropriate evidentiary materials, the nonmoving party must present evidentiary materials showing that a material issue of fact does exist. While the Colliers and Hammond have supported their motion for summary judgment with Civ.R. 56 materials, the Minixes have not presented any evidentiary materials showing that a material issue of fact exists.
After viewing the Civ.R. 56 materials in the light most favorable to the Minixes, we find that reasonable minds can conclude only that the Colliers and Hammond did not wrongly obtain the Minixes' money and are not wrongly retaining the money. There being no genuine issue of material fact, we overrule the Minixes' third assignment of error.
 B.
In their second assignment of error, the Minixes argue that the trial court erred by granting summary judgment to Collier and Hammond and by denying their motion for summary judgment because Collier and Hammond acted as agents of Sunbelt and each other. Implicit in this argument is that Sunbelt was guilty of conversion.
The Minixes argue that Hammond acted as an agent for Sunbelt, Rogers and Collier because he promoted the investment scheme and acted as a conduit for money from Southern Ohio. They rely on Hammond's answer to their complaint and Hammond's deposition. They assert that because Hammond denied only "heavily" promoting Sunbelt, we should infer that he admitted promoting Sunbelt.
In their complaint, the Minixes alleged that Hammond "heavily promoted" the money making scheme. In his answer, Hammond denied "heavily promoting" Sunbelt. We find that reasonable minds would not infer from this denial that Hammonds admitted to promoting Sunbelt. Also in his answer, Hammond admitted that he was the payee on two checks totaling $30,000. Hammond's deposition was never filed with the trial court and is, therefore, not in the record on appeal. Thus, we can not consider the portions of this deposition quoted in the Minixes' brief. See Civ.R. 56 and App.R. 9 (A).
Viewing the evidence in the record in the light most favorable to the Minixes, we find that reasonable minds can only conclude that Hammond was not the agent of Sunbelt or Collier. There are no Civ.R. 56 materials that support or from which we can infer that Sunbelt exercised the right of control over Hammond. Thus, we find that the trial court did not err by granting summary judgment to Hammond on the issue of his agency or by denying the Minixes' motion for summary judgment.
The Minixes also argue that Bret Collier acted as an agent on behalf of Sunbelt and Hammond. They rely on the following deposition testimony by the Minixes: (1) Bret Collier asked William Minix if he wanted to invest in Sunbelt about two years before he agreed to do so, (2) Minixes were told that their money would go to Sunbelt, (3) Minixes were told to make their checks payable to Hammond, (4) Minixes gave the money to Bret Collier to forward to Hammond, who would forward it to Sunbelt, (5) Bret Collier took the money and forwarded it to Hammond, who forwarded it to Sunbelt.
Viewing this evidence in the light most favorable to the Minixes, we find that reasonable minds can only conclude that Collier was not the agent of Sunbelt or Hammond. There are no Civ.R. 56 materials that support or from which we can infer that Sunbelt exercised the right of control over Collier. Thus, we find that the trial court did not err by granting summary judgment to Collier on the issue of his agency or by denying the Minixes' motion for summary judgment.
Accordingly, we find that the trial court did not err in granting summary judgment to the Colliers or to Hammond, and did not err in denying the Minixes' motion for summary judgment. Thus, we overrule the Minixes' third assignment of error.
 IV.
In sum, we overrule all of the Minixes' assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
 _______________________________ Roger L. Kline, Presiding Judge