DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Kimberly Ogan, defendant below and appellee herein. Lee Roy and Alice Congrove, plaintiffs below and appellants herein, raise the following assignment of error:
 "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT?"
In 1998, appellee and appellants' son, Roy A. Congrove, were engaged to be married. At the time, Roy worked for VanGuard Cellular. VanGuard Cellular provided Roy with a group life insurance benefit. On February 23, 1998, Roy designated appellee as the beneficiary of his group life insurance policy. In the space provided to explain the beneficiary's relationship to the insured, Roy inserted, "Fiancé[e]/wife on May 10, 1998."[1]
In April of 1998, appellee and Roy canceled their engagement. The parties did not marry and Roy did not change his life insurance policy beneficiary designation. On July 20, 1999, Roy died in an automobile accident. Appellee subsequently received Roy's life insurance policy's proceeds.
On July 27, 2000, appellants filed a complaint against appellee to recover the life insurance proceeds. On July 11, 2001, appellee filed a motion for summary judgment. Appellee argued that Roy validly designated appellee as the beneficiary and that the parties' failure to marry did not alter appellee's status as beneficiary. Appellee asserted that Roy's insertion of the words "fiancé[e]/wife" did not impose a condition on appellee's right as a beneficiary.
In opposition, appellants argued that Roy's insertion of the words "fiancé[e]/wife" imposed a condition precedent upon appellee's right as a beneficiary. Appellants further claimed that Roy verbally advised appellants and his sister that appellants would receive his life insurance proceeds.
On October 10, 2001, the trial court granted summary judgment in appellee's favor. The trial court determined that Roy's insertion of the language was not a condition precedent to appellee's right to the life insurance proceeds and that Roy's designation of appellee as beneficiary remained valid. Appellants filed a timely notice of appeal.
In their sole assignment of error, appellants argue that the trial court erred by granting summary judgment in appellee's favor. Appellants claim that in order for a person named as a beneficiary in a life insurance policy to be entitled to receive the proceeds, the person must be the person described in the "relationship box."
Appellee, on the other hand, contends that whether the person named as the beneficiary satisfies the description set forth in the "relationship box" is irrelevant. Appellee asserts that the name of the beneficiary, not the relationship, controls.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388,390, 738 N.E.2d 1243, 1245; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
In the case at bar, we agree with the trial court's conclusion that no genuine issues of material fact remain and that appellee is entitled to judgment as a matter of law. Based upon established principles regarding the interpretation of life insurance contracts, reasonable minds can only conclude that appellee is the proper beneficiary of the decedent's life insurance policy.
Generally, words used to describe a beneficiary are "descriptive only" and do not affect the beneficiary's rights under the life insurance policy. Overhiser v. Overhiser (1900), 63 Ohio St. 77, 82, 57 N.E. 965,966; Cannon v. Hamilton (1963), 174 Ohio St. 268, 189 N.E.2d 152, paragraph one of the syllabus. In Overhiser, the decedent held a life insurance policy payable "`unto Lena Overhiser, wife of George P. Overhiser.'" The parties subsequently divorced. Upon the decedent's death, the ex-wife sought the proceeds of the life insurance policy. In concluding that the ex-wife was entitled to the life insurance policy proceeds, the court held:
 "When a married woman is named as a beneficiary in a policy of insurance on the life of her husband she is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death."[2]
 Id., syllabus. The court stated that the words "`wife of George P. Overhiser' were descriptive only." Id., 63 Ohio St. at 82,57 N.E. at 965. The court further noted that the policy "contain[ed] no terms indicating that [the wife's] right to the fruits of the policy [was] conditioned upon her remaining his wife." Id.
In 1963, the Ohio Supreme Court followed Overhiser and again recognized that words used to describe a beneficiary do not affect the beneficiary's right to the life insurance proceeds. In Cannon v. Hamilton (1963),174 Ohio St. 268, 189 N.E.2d 152, the decedent designated the beneficiary of his life insurance policy as: "Addie Cannon, my wife, if she survives me, otherwise to * * * my children." The decedent and Addie subsequently divorced. The parties entered into a separation agreement that purported to eliminate Addie as a beneficiary under the life insurance policy. Upon the decedent's death, Addie sought the proceeds of the life insurance policy. The supreme court held:
 "A married woman who is named as a beneficiary in a policy of life insurance is entitled to the proceeds upon the death of her insured husband, notwithstanding a divorce obtained by her from the insured before his death. The designation of the beneficiary in the policy as the wife of the insured is merely descriptive."Id., paragraph one of the syllabus.
The court explained:
 "The right of Addie * * * as the designated beneficiary did not depend on the continuing existence of a wife and husband relationship between her and the decedent-insured but rested rather upon principles of law pertaining to contracts."Id., 174 Ohio St. at 273, 189 N.E.2d at 155.
Similarly, in Devore v. Travelers Ins. Co. (Dec. 15, 1988), Franklin App. No. 88AP-509, unreported, the court held that the description of a beneficiary does not control the beneficiary's right to the life insurance proceeds. In Devore, the decedent signed a life insurance policy listing as beneficiary, "Norma Lee Devore," and inserting as relationship, "wife." The parties subsequently divorced. The decedent did not change the beneficiary of his life insurance policy. The court concluded that the decedent's ex-wife, despite the divorce and despite the description in the policy as "wife," was entitled to the life insurance proceeds. The court stated:
"[T]he intent of the decedent is not the dispositive factor in resolving the apparent conflict in beneficiaries. Rather, the name, and not the status of the beneficiary controls in determining the proper recipient of the proceeds of the policy."
Thus, when we apply the foregoing principles to the case sub judice, we conclude that appellee is the proper beneficiary under the decedent's life insurance policy. As the foregoing authorities state, the name of the beneficiary, and not the status of the beneficiary, controls. The decedent named appellee as the beneficiary of his life insurance policy. Prior to his death, the decedent did not alter appellee's designation as beneficiary. The decedent's use of the words "fiancé[e]/wife" were descriptive only and did not affect appellee's rights under the life insurance policy.
Accordingly, based upon the foregoing reasons, we overrule appellants'sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] We note that whether the date is May 10 or May 16 is not clear. Appellants' brief and filings throughout the trial court proceedings indicate that the date is May 16, while appellee's brief and filings throughout the trial court proceedings indicate that the date is May 10. We will use the date that the trial court used in its entry granting appellee summary judgment.
[2] We note that the syllabus holding of Overhiser may be different if decided under current law. R.C. 1339.63(B)(1), enacted in 1990, creates a presumption that a divorce terminates the right of the named spouse to take the proceeds of the deceased ex-spouse's life insurance policy. The statute provides:
 (B)(1) Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise * * * if a spouse designates the other spouse as a beneficiary * * * and if * * * the spouse who made the designation * * * is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment.
Our research has revealed no Ohio case that has extended the logic of R.C. 1339.63(B)(1) to a non-spouse.