DECISION AND JUDGMENT ENTRY
{¶ 1} Jerry M. Rucker and the estate of his wife, Ruth Ann Rucker, ("The Ruckers") appeal the trial court's grant of partial summary judgment to Progressive Insurance Company ("Progressive").[1] They argue that the trial court erred in determining that Progressive's policy consolidates all of Mr. Rucker's claims and damages to a single per person policy limit. Because we find that the policy unambiguously limits Mr. Rucker's recovery to the policy's per person limit, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Jerry M. Rucker, personally and as executor of the estate of Ruth Ann (Monk) Rucker, filed a complaint against James A Davis, Jr. ("Davis Jr."), James A. Davis, Sr. ("Davis, Sr."), Progressive and Travelers Indemnity Company of Illinois ("Travelers"). The complaint alleged that Mr. Rucker was seriously hurt and his wife, Ruth Ann Rucker, died in an accident on July 16, 2000. The complaint alleged that Davis Jr. negligently operated a motor vehicle owned by Davis Sr. into a motorcycle owned and operated by Mr. Rucker and occupied by Mr. and Mrs. Rucker. The complaint also alleged that Davis Sr. negligently entrusted the vehicle to Davis Jr.
 {¶ 3} According to the complaint, Progressive insured Mr. Rucker at the time of the accident and Travelers insured Mr. Rucker's employer, Mead Corporation, under an automobile insurance policy. The complaint alleged that these policies provided underinsured motorist coverage under which the Ruckers were entitled to collect damages.
 {¶ 4} The complaint contained claims for: (1) Mr. Rucker's personal injuries, (2) Mrs. Rucker's personal injuries, (3) Mrs. Rucker's wrongful death, (4) Mr. Rucker's loss of consortium, (5) a declaratory judgment as to Progressive's insurance coverage, and (6) a declaratory judgment as to Travelers insurance coverage.
 {¶ 5} All the defendants answered. Progressive cross-claimed against the other defendants. It sought a full judgment against Davis Sr. and Davis Jr. in the event that any judgment was entered against it. As to Travelers, Progressive asserted that Travelers was the primary underinsured coverage to the Ruckers and sought indemnity and/or contribution for any judgment against it.
 {¶ 6} On March 15, 2002, the Ruckers sought summary judgment against Progressive.[2] The Ruckers argued that they were entitled to the "per occurrence" limits of Progressive's underinsured motorists coverage provisions, instead of the "per person" limits.
 {¶ 7} In March 2002, Progressive dismissed, without prejudice, its cross-claims against Davis Sr. and Davis Jr. In May 2002, the Ruckers dismissed, with prejudice, their claims against Davis Sr. and Davis Jr. pursuant to a settlement agreement.
 {¶ 8} In June 2002, the trial court determined that: (1) the Progressive policy unambiguously limits each plaintiff to $100,000 per person, (2) That Progressive is not entitled to a $50,000 reduction towards the amount of underinsurance motorist coverage it must provide, and (3) that "Progressive is entitled to a $50,000 setoff from the tortfeasor's per person limit as to Jerry Rucker, Executor of the Estate of Ruth Rucker" because of expenses incurred by wrongful death settlements in probate court.
 {¶ 9} The Ruckers appeal the trial court's grant of partial summary judgment to Progressive[3] and assert the following assignment of error: [I.] "[Progressive's policy] does not clearly and unambiguously consolidate all of the individual wrongful death claims/damages to a single "per person" policy limit and therefore appellees are entitled to the "per occurrence" limits under that policy."
 II. {¶ 10} In their only assignment of error, the Ruckers argue that the trial court erred in finding that the Progressive insurance policy limited their recovery to a single "per person" limit. They assert that a higher "per occurrence" limit should apply.
 {¶ 11} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 12} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 13} We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire. Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. We apply identical standards of interpretation to insurance contracts as we do to other written contracts. Hybud Equip.Corp. v. Sphere Drake Ins. Co., Ltd. (1992) 64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning. Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 362. Only when an insurance contract is ambiguous and susceptible of more than one interpretation, must we liberally construe the language in favor of the claimant seeking coverage. Id.
 {¶ 14} Insurers may impose per-person limits on recovery. Wallacev. Balint (2002), 94 Ohio St.3d 182, 188, 2002-Ohio-480.
 {¶ 15} The policy language at issue appears under Part III of the policy, the limits of liability section, and provides: "1. the amount shown for `each person' is the most we will pay for all damages due to a bodily injury to one (1) person; 2. subject to that `each person' limit, the amount shown for `each accident' is the most we will pay for all damages due to bodily injury sustained by two (2) or more persons for any one accident." The policy later explains: "The bodily injury Limit of Liability under this Part III for `each person' includes the total of all claims made for such bodily injury and all claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death."
 {¶ 16} The Ruckers argue that this language is ambiguous and must be construed against Progressive, since it wrote the policy. The Ruckers assert that the word "person" is ambiguous and is not defined anywhere in the policy, and suggest that Progressive should have used the term "insured" or "insured persons" if it meant to limit the term "persons" to only those persons who were insured under the policy. The Ruckers argue that since two "persons", i.e., Mr. and Mrs. Rucker were injured, they should be able to recover under the per occurrence limit.
 {¶ 17} We cannot find that the policy language at issue is ambiguous in the manner that the Ruckers suggest. A term is not ambiguous simply because there is a better or more precise term that could have been used. Rather, the term, in the context of the policy contract, must be reasonably susceptible to more than one interpretation. In this context, the word "person" is not subject to more than one definition. While we agree with the Ruckers that the term "insured person" may have been a better choice, the term "person" is not ambiguous.
 {¶ 18} The Ruckers' argument focuses only on the term "person" and ignores the entire policy. Because only Mr. Rucker was an insured under the policy, he is the only "person" to whom the limits of liability can apply. Moreover, the policy's language provides that Mr. Rucker's claims that are derived from Mrs. Rucker's injuries, e.g., loss of consortium, are included in his single bodily injury claim.[4] Because we find that Mr. Rucker is entitled to only the per person limit, Progressive is entitled to judgment as a matter of law. Accordingly, we overrule the Ruckers' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, P.J.: Dissents.
Abele, J.: Concurs in Judgment and Opinion.
[1] In August 2002, we consolidated Ross App. Nos. 02CA2670, 02CA2673, 02CA2676, and 02CA2677 for purposes of filing of the record, briefing, oral argument and decision. We now vacate the part of that order that consolidated these cases for purposes of decision.
[2] The Ruckers also sought summary judgment against Travelers, which the trial court granted in part and denied in part, and which both parties appealed to this court in case numbers 02CA2673, and 02CA2677.
[3] Progressive appealed the trial court's grant of partial summary judgment to the Ruckers in case number 02CA2670.
[4] This language reads as follows: "the bodily injury Limit of Liability under this Part III for `each person' includes the total of all claims made for such bodily injury and all claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death."