DECISION AND JUDGMENT ENTRY
{¶ 1} Progressive Preferred Insurance Company ("Progressive") appeals the Ross County Court of Common Pleas' grant of summary judgment to Jerry M. Rucker and the Estate of Ruth Ann Rucker ("the Ruckers").[2]
In so doing, the trial court determined that Mr. Rucker is entitled to one hundred thousand dollars, the policy's limit, even though he received fifty thousand dollars from the tortfeasor. Progressive argues that this violates former R.C. 3937.18. We disagree because the fifty thousand dollar payment was not available for payment to Mr. Rucker due to a lien. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Jerry M. Rucker, personally and as executor of the estate of Ruth Ann (Monk) Rucker, filed a complaint against James A. Davis, Jr. ("Davis Jr."), James A. Davis, Sr. ("Davis Sr."), Progressive, and Travelers Indemnity Company of Illinois ("Travelers"). The complaint alleged that Mr. Rucker was seriously hurt and his wife, Mrs. Rucker, died in an accident on July 16, 2000. The complaint alleged that Davis Jr. negligently operated a motor vehicle owned by Davis Sr. into a motorcycle owned and operated by Mr. Rucker and occupied by Mr. and Mrs. Rucker. The complaint also alleged that Davis Sr. negligently entrusted the vehicle to Davis Jr.
 {¶ 3} According to the complaint, Progressive insured Mr. Rucker at the time of the accident and Travelers insured Mr. Rucker's employer, Mead Corporation, under an automobile insurance policy. The complaint alleged that these policies provided underinsured motorist coverage under which the Ruckers were entitled to collect damages.
 {¶ 4} The complaint contained claims for: (1) Mr. Rucker's personal injuries, (2) Mrs. Rucker's personal injuries, (3) Mrs. Rucker's wrongful death, (4) Mr. Rucker's loss of consortium, (5) a declaratory judgment as to Progressive's insurance coverage, and (6) a declaratory judgment as to Travelers insurance coverage.
 {¶ 5} All the defendants answered. Progressive cross-claimed against the other defendants. It sought a full judgment against Davis Sr. and Davis Jr. in the event that any judgment was entered against it. As to Travelers, Progressive asserted that Travelers was the primary underinsured coverage to the Ruckers and sought indemnity and/or contribution for any judgment against Progressive.
 {¶ 6} In February 2002, the trial court granted the Ruckers' motion to amend their complaint to allege that Mead had two insurance policies with Travelers: the auto liability policy and a general commercial liability policy.
 {¶ 7} On March 15, 2002, the Ruckers sought summary judgment against Progressive.[3] They argued that they were entitled to the "per occurrence" limits of Progressive's underinsured motorists coverage provisions, instead of the "per person" limits.
 {¶ 8} On March 15, 2002, Travelers sought summary judgment on all its claims.
 {¶ 9} In March 2002, Progressive dismissed, without prejudice, its cross-claims against Davis Sr. and Davis Jr. In May 2002, the Ruckers dismissed, with prejudice, their claims against Davis Sr. and Davis Jr. pursuant to a settlement agreement.
 {¶ 10} In June 2002, the trial court determined that: (1) the Progressive policy unambiguously limits each plaintiff to $100,000 per person, (2) That Progressive is not entitled to a $50,000 reduction towards the amount of underinsurance motorist coverage it must provide, and (3) that "Progressive is entitled to a $50,000 setoff from the tortfeasor's per person limit as to Jerry Rucker, Executor of the Estate of Ruth Rucker" because of expenses incurred by wrongful death settlements in probate court.
 {¶ 11} In June 2002, the trial court granted in part and denied in part the Ruckers' motion for summary judgment against Travelers.
 {¶ 12} Progressive appeals the trial court's grant of partial summary judgment to the Ruckers[4] and assert the following assignments of error: "[I.] The trial court erred by granting, in part, plaintiffs' motion for summary judgment. [II.] The trial court erred by permitting plaintiff Jerry Rucker to off-set the proceeds received by Jerry Rucker from the tortfeasor's insurer against the underinsured policy limits contained in the Progressive policy. [III.] The trial court erred by failing to permit defendant Progressive [to] off-set the proceeds received by Jerry Rucker from the tortfeasor's insurer against the underinsured policy limits contained in the Progressive policy. [IV.] The trial court erred in its decision effectively placing plaintiff Jerry Rucker in a better position than he would have been in had the tortfeasor been uninsured. [V.] The trial court erred in its interpretation of the "amounts available for payment" language in R.C. 3937.18(A)(2) as interpreted by the Ohio Supreme Court in Clark v. Scarpelli (2001),91 Ohio St.3d 271 and Littrell v. Wigglesworth (2001), 91 Ohio St.3d 425."
 II. {¶ 13} While Progressive's brief contains five assignments of error, they are not separately argued as required by App.R. 16 and counsel has conceded that "the arguments are essentially the same", i.e., that the trial court erred in granting summary judgment. Therefore, we address all five assignments of error together.
 {¶ 14} Progressive argues that the trial court erred in awarding the Ruckers the full policy limit of one hundred thousand dollars, because Mr. Rucker received fifty thousand dollars from the Davis family (the tortfeasors). Progressive asserts that it should be entitled to a setoff for a subrogation lien of $97,793.96, which CIGNA holds for medical care provided to Mr. Rucker.
 {¶ 15} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 16} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 17} Progressive argues that the trial court erred in awarding Mr. Rucker the full policy limit of one hundred thousand dollars, when he received fifty thousand dollars from the Davis family. Progressive asserts that the trial court should not have considered the $97,793.96 subrogation lien that CIGNA holds for medical care provided to Mr. Rucker. At oral argument, the parties agreed that Mr. Rucker did not actually receive any of the fifty thousand dollars from the Davis family; instead, the money went directly to CIGNA to satisfy the lien. Progressive also argues that tRucker is in a better position than he would have been had the tortfeasors been uninsured.
 {¶ 18} Progressive relies upon the language of former R.C.3937.18(A)(2)[5], which provided: "Underinsured motorist coverage is not and shall not be in excess of insurance to other applicable coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's underinsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." Thus, an insurance company may deduct, or "setoff", from the policy limits the amounts available for payment from other sources.
 {¶ 19} "For the purpose of setoff, the `amounts available for payment' language in R.C. 3937.18(A)(2) means the amounts actually accessible to and recoverable by an underinsured motorist claimant from all bodily injury liability bonds and insurance policies (including from the tortfeasor's liability carrier)." Clark v. Scarpelli (2001),91 Ohio St.3d 271, syllabus. In Littrell v. Wigglesworth 91 Ohio St.3d 425,2001-Ohio-87, the Ohio Supreme Court determined that expenses of the insured, such as attorney fees, cannot be part of the setoff equation; but amounts that are not expenses of the insured, such as a statutory Medicare lien, should be considered when determining the amounts available for payment. Thus, the amounts applied to a Medicare lien were never "available" to the insured, and, therefore, the insurance company could not setoff the amount paid on the Medicare lien. Id. at 434.
 {¶ 20} Here, there is no genuine issue of material fact that the amounts paid by the tortfeasors, the Davis family, were not available to Mr. Rucker because of the CIGNA lien. We see no difference between the statutory Medicare lien in Littrell and the CIGNA lien here. Thus, we find that the fifty thousand dollars paid by the Davis family was not actually accessible to and recoverable by Mr. Rucker. Therefore, the trial court did not err by refusing to allow Progressive to setoff the fifty thousand dollar payment against the policy's limit. Accordingly, we overrule all of Progressive's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant Progressive Preferred Insurance Company the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.
[2] In August 2002, we consolidated Ross App. Nos. 02CA2670, 02CA2673, 02CA2676, and 02CA2677 for purposes of filing of the record, briefing, oral argument and decision. We now vacate the part of that order that consolidated these cases for purposes of decision.
[3] The Ruckers also sought summary judgment against Travelers, which the trial court granted in part and denied in part, and which Travelers and the Ruckers appealed to this court in case numbers 02CA2673 and 02CA2677, respectively.
[4] The Ruckers appealed the trial court's grant of partial summary judgment to Progressive in case number 02CA2676.
[5] This section has been amended since the accident at issue; however, these amendments are irrelevant here. Selander v. Erie Ins.Group (1999), 85 Ohio St.3d 541.