DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court summary judgment in favor of Hartford Insurance Company of the Midwest, defendant below and appellee herein. The trial court determined that John W. Holsinger, plaintiff below and appellant herein, was not entitled to underinsured motorist (UIM) coverage under a policy of insurance that appellee issued to Mill's Pride, Inc., appellant's employer.
 {¶ 2} Appellant raises the following assignment of error for review:
"THE TRIAL COURT ERRED IN GRANTING HARTFORD'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 3} The parties do not dispute the relevant underlying facts: (1) on September 25, 1998, appellant suffered injuries while driving his motorcycle; (2) appellant was not acting within the course or scope of employment at the time of the accident; (3) appellant recovered the full limits, $100,000, of the tortfeasor's liability coverage; (4) on March 25, 1999, appellant settled with the tortfeasor; and (5) appellant did not notify appellee before settling with the tortfeasor.
 {¶ 4} At the time of the accident, Mill's Pride employed appellant. Appellee issued a commercial automobile liability insurance policy to Mill's Pride that contains UM/UIM coverage in the amount of $1 million. The policy lists "Mill's Pride Inc." as the named insured and states that "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations."
 {¶ 5} Appellee's policy provides UM/UIM coverage to "covered autos," which means "owned `autos' only." The policy defines "owned `autos' only" as "[o]nly those `autos' you own * * * . This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 6} The definitions state that an "insured" is "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage."
 {¶ 7} On May 16, 2001, appellant filed a complaint against appellee and asserted that he is entitled to UIM benefits under appellee's policy. Appellee answered and asserted a counterclaim that requested the trial court to declare that appellant is not entitled to UIM.
 {¶ 8} Both parties filed summary judgment motions. Appellee argued that appellant is not entitled to UIM coverage for the following reasons: (1) appellant does not qualify as an insured; (2) assuming he qualifies as an insured, no coverage exists because he was not occupying a covered auto; (3) assuming appellant qualifies as an insured, no coverage exists because he destroyed appellee's subrogation rights by failing to provide timely notice. Appellant disputed all of appellee's arguments.
 {¶ 9} On November 21, 2002, the trial court denied appellant's summary judgment motion and granted appellee's summary judgment motion. The trial court determined that: (1) appellant did not qualify as an "insured" under appellee's policy because the "Drive Other Car" endorsement contained in appellee's policy eliminated the ambiguity with the policy's use of the word "you"; (2) appellant was not entitled to UIM coverage because he was not occupying a "covered auto"; and (3) appellant destroyed appellee's subrogation rights.
 {¶ 10} In its sole assignment of error, appellant asserts that the trial court erred by denying his summary judgment motion. Appellant argues that the trial court improperly concluded that: (1) he does not qualify as an "insured" under appellee's policy; (2) assuming he qualifies as an "insured," he is not entitled to UIM coverage due to the other owned auto exclusion; and (3) he did not timely notify appellee of his UIM claim, thus impairing appellee's subrogation rights.
 {¶ 11} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 12} Civ.R. 56(C) provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 13} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 14} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 15} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Jacksonv. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027.
 {¶ 16} Applying the foregoing principles to the case at bar, we conclude that the trial court properly determined that appellant is not an "insured" as defined in appellee's policy. Appellee's policy defines "Who Is An Insured" for UM/UIM purposes as follows:
"1. You.
If you are an individual, any `family member'.
Anyone else `occupying' a covered `auto' * * *.
Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
 {¶ 17} Appellee's policy contains a "Drive Other Car Coverage" endorsement that lists two individuals on the schedule: Malcom Healey and Angela Healey. A section entitled "Changes in * * * Uninsured and Underinsured Motorists Coverages" states:
"The following is added to who is an insured:
Any individual named in the Schedule and his or her `family members' are `insureds' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
Any `auto' owned by that individual or by any `family member.'"
 {¶ 18} Appellant claims that the use of the word "you" within appellee's policy suffers the same ambiguity present in Scott-Pontzer, and, therefore, we must construe the term to include the named insured's employees. Appellee contends that the "Drive Other Car" endorsement eliminates any Scott-Pontzer ambiguity. We agree with appellee.
 {¶ 19} In Scott-Pontzer, the Ohio Supreme Court concluded that the word "you," as used in an automobile liability policy issued to a corporation, included the corporation's employees. In Scott-Pontzer, Christopher T. Pontzer was employed at Superior Dairy, Inc. ("Superior Dairy"). Pontzer was killed while driving his wife's vehicle. Superior Dairy carried an automobile liability insurance policy with Liberty Mutual Fire Insurance Company ("Liberty Fire") that contained a provision for UIM coverage. Superior Dairy also carried an umbrella/excess insurance policy with Liberty Mutual Insurance Company ("Liberty Mutual").
 {¶ 20} Pontzer's wife, as executor of her husband's estate and as a surviving spouse, sought UIM benefits under Superior Diary's policy with Liberty Fire. She also sought benefits under the umbrella policy that Superior Dairy carried with Liberty Mutual. The supreme court concluded that Pontzer's wife was entitled to coverage under both policies.
 {¶ 21} In reaching its decision, the court noted that the Liberty Fire policy defined an "insured" for purposes of UIM coverage as follows:
"1. You.
If you are an individual, any family member.
Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured."
Id. at 663.
 {¶ 22} The court determined that the word "you" as used in the policy was ambiguous. The court stated that in the absence of clear, unambiguous language to the contrary, the word "you," as used in a policy issued to a company, includes the company's employees. Id. at 664. Thus, construing the insurance contract liberally in favor of the insured, the court concluded that the decedent was an insured under the Liberty Fire UIM policy provisions. Id. at 665. The court explained its rationale as follows:
"[I]t would be reasonable to conclude that `you,' * * * also includes * * * employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons including to the corporation's employees."
Scott-Pontzer, 85 Ohio St.3d at 664.
 {¶ 23} In the case at bar, appellee's policy contains similar language to the language at issue in Scott-Pontzer. However, unlike the policy in Scott-Pontzer, appellee's policy contains an endorsement that specifically names two individuals as insureds for purposes of UIM coverage. We believe that the endorsement eliminates the Scott-Pontzer
ambiguity present in the term "you." By naming two individuals as insureds, the policy eliminates the question of whether the word "you," as used in the definition of an "insured," includes the corporation's employees.[1] See Davis v. Westfield Companies, Lorain App. No. 02CA8114, 2003-Ohio-2339; Rice v. Buckeye State Mut. Inc. Co., Logan App. No. 8-02-24, 2003-Ohio-390; Caruso v. Utica Ins. Co., Summit App. No. 21222, 2003-Ohio-525; White v. American Mfg. Mut. Ins. Co., Montgomery App. No. 19206, 2002-Ohio-4125; Westfield Ins. Co. v. Galatis
(Apr. 3, 2002), Summit App. No. 20784. But, see, Heidt v. Federal Ins.Co., Stark App. No. 2002CA314, 2003-Ohio-1785; Franklin v. American Mfg.Mut. Ins. Co., Cuyahoga App. No. 81197, 2003-Ohio-1340; Still v. IndianaIns. Co. (Feb. 25, 2002), Stark App. No. 2001CA300. Consequently, appellant is not an insured under the terms of the policy, and he is not entitled to UIM benefits under appellee's policy.
 {¶ 24} Because we have determined that appellant is not an insured under appellee's policy, we will not address appellant's remaining arguments. See Scott-Pontzer, 85 Ohio St.3d at 662 (stating that if a court finds that the claimant "was not an insured under the polic[y], then [the] inquiry is at an end").
 {¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, P.J. Harsha, J.: Concur in Judgment Only.
[1] We note that this is one of many issues arising from theScott-Pontzer decision that presently is pending in the Ohio Supreme Court. See Westfield Ins. Co. v. Galatis, 96 Ohio St.3d 1446,771 N.E.2d 260, 2002-Ohio-3512. In Galatis, the court will resolve the conflict among the courts of appeal regarding the following question:
"Whether the inclusion of a `Broadened Coverage Endorsement,' adding individual named insureds to a commercial motor vehicle liability policy, eliminates any ambiguity over the use of the term `you' therein?"