MOREHEAD, Appellee,

v.

CONLEY, Appellant.

[Cite as *Morehead v. Conley* (1991), 75 Ohio App.3d 409.]

Court of Appeals of Ohio,
Scioto County.

No. 90–CA–1946.

Decided Aug. 1, 1991.

*Gary D. Kenworthy,* for appellee.
*Joseph L. Hale,* for appellant.

HARSHA, Judge.

This is an appeal from a summary judgment entered by the Portsmouth Municipal Court in favor of Raymond Morehead, M.D., plaintiff-appellee, in the amount of $610. This judgment was entered against William T. Conley, defendant-appellant, upon a complaint asserting three claims. Appellant now brings this lone assignment of error:

"The trial court committed reversible error by granting plaintiff-appellee's motion for summary judgment."

The complaint in this action was filed on January 19, 1990. In the first claim, appellee alleged that he and appellant entered an oral contract on November 7, 1988, pursuant to which appellee agreed to perform medical services on behalf of appellant. Appellee further alleged that despite the fact he had performed all terms and conditions under the contract, appellant breached the contract by failing to pay for the services rendered by appellee. Appellee alleged that this breach caused him damages in the amount of $610. In his second claim, appellee asserted that appellant owed $610 on account since November 7, 1988. For his final claim, appellee alleged that appellant was unjustly enriched by the medical services appellee provided to him. In his answer to the complaint, appellant denied all of the allegations in the complaint. Appellant asserted no other defenses in his answer.

Appellee filed a motion for summary judgment with a supporting affidavit and exhibit. The motion asserted that appellee needed only to show the balance due on the account in order to obtain judgment. It argued that as appellant entered a general denial, he was precluded from asserting any

affirmative defenses. The motion further asserted that appellant signed a "customary document" when he entered the hospital and that this document included an agreement by appellant to "make due payment to any physician rendering services to [appellant] including any agents or assignees of his treating physician." This document was not a part of the record on appeal.

Appellant responded to the motion by first asserting that a general denial did not preclude a defendant from raising *any* defenses. He noted that there was no evidence of privity of contract between the parties and that the "customary document" was not before the trial court. Finally, appellant asserted that the decision in *Lloyd v. Kull* (C.A.7, 1971), 329 F.2d 168, precluded the court from entering summary judgment in appellee's favor. Apparently, the court disagreed.

Appellant's sole assignment of error asserts that the trial court erred by entering summary judgment in appellee's favor. Civ.R. 56(C) provides, in pertinent part, as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material facts; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The burden of showing that no genuine issue exists as to any material fact falls upon the moving party requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropri-

ate. Accordingly, we afford no deference to the trial court's decision in answering that legal question.

The court below did not set forth the specific claim upon which it entered summary judgment in favor of appellee. In reviewing the record, it is clear that there is absolutely no evidence that an oral contract existed between the parties as alleged in appellee's first claim. This alone does not justify reversal, however, as the court below may not have entered summary judgment upon the basis of the first claim.

■ Appellee's second claim seeks recovery upon an account. An "account" in this sense, has been described as follows:

" * * * An account is merely a pleading device used to consolidate several different claims one party has against another; an action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid. *Dykeman v. Johnson* (1910), 83 Ohio St. 126 [93 N.E. 626]. In an action on an account, the 'account' must be attached to the complaint. Civ.R. 10(B). The account need not be admissible at trial, nor must the plaintiff introduce any documentary proof into evidence to prove breach of contract; the plaintiff may establish a prima facie case through oral testimony. *American Security Service v. Baumann* [ (1972), 32 Ohio App.2d 237, 239, 61 O.O.2d 256, 257, 289 N.E.2d 373, 375], *supra.* Where the defendant enters a general denial to the allegations of the complaint, the plaintiff must prove all the elements of a cause of action for breach of contract. *Dykeman v. Johnson, supra; American Security Service v. Baumann, supra.*" *AMF, Inc. v. Mravec* (1981), 2 Ohio App.3d 29, 31, 2 OBR 32, 34, 440 N.E.2d 600, 602.

Under this definition, judgment upon the basis of an "account" is inappropriate in this case. There is no evidence of a series of transactions based on individual contracts between the parties. The appellant herein entered a general denial which forced appellee to prove "all the elements of a cause of action for breach of contract." *Id.* As stated previously, there was no evidence before the court below that a contract, express or implied in fact, existed between the parties. Accordingly, summary judgment for appellee could not have properly been entered on the second claim.

■ Appellee's third claim asserts that appellant has been unjustly enriched by appellee rendering valuable services to appellant for which appellant has not paid. The doctrine of unjust enrichment is a fundamental principle of justice found at the basis of an action in quasi-contract. *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 46, 15 OBR 142, 144, 472 N.E.2d 704, 706; 18 Ohio Jurisprudence 3d (1980) 273, Contracts,

Section 345. A quasi-contract, or contract implied in law, is a legal construct created to provide a contract-like remedy where none was previously available and equity demands a just result. *Paugh & Farmer, Inc., supra;* 18 Ohio Jurisprudence 3d (1980) 266, Contracts, Section 342.

By affidavit, appellee put on evidence that on November 7, 1988, he provided emergency medical services to appellant while appellant was a patient at Scioto Memorial Hospital. The reasonable and customary charges for the services totaled $610. Appellant has not paid any portion of that amount to appellee. Appellant put on no evidence to rebut these facts or to put them in dispute.

A contract may be implied in law to hold the recipient of emergency medical services liable for the value of those services to the health care provider. *Downing v. Goldberg* (1932), 29 Ohio N.P. (N.S.) 162. One who is severely injured or ill such that he or she becomes unconscious and unable to seek or decline medical services is in need of the protection and assistance such a rule of law offers him. *Id.* at 168. By imposing liability upon him, the law seeks to ensure that he will be provided the necessary services to save his life. Faced with the choice of forcing appellant to pay the reasonable value of the services he received or forcing those who render emergency medical services in cases such as this to risk doing so as a matter of charity, we must choose the former. See *id.* Accordingly, appellant may be held liable in quasi-contract for the reasonable value of the services received by him.

As previously mentioned, the burden is upon the party moving for summary judgment to show that no issues of material fact exist. *Mitseff v. Wheeler, supra.* However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. *Id.;* Civ.R. 56(E). He must present evidentiary materials showing that a material issue of fact *does* exist. *Id.* Appellant herein presented no evidence to create an issue as to any of the facts established by appellee's affidavit. As appellee presented sufficient evidence to show he was entitled to summary judgment under *Bostic, supra,* on his third claim, and as appellant failed to demonstrate a material issue of fact existed regarding that claim, appellee was entitled to summary judgment on that claim.

The judgment of the trial court does not indicate that it granted appellee's motion for summary judgment upon the basis of the quasi-contract claim. However, even if the judgment were based upon the first or second claims, we could not reverse it. This is due to the propriety of summary

judgment for appellee on the third claim. The Supreme Court has consistently held:

"[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.

Accordingly, appellant's assignment of error is found not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and PETER B. ABELE, JJ., concur.