DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Ronald Ross Turner, M.D., defendant below and appellee herein.
Helen White, plaintiff below and appellant herein, assigns the following error for review:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE AFTER CONSTRUING THE FACTS IN FAVOR OF APPELLANT REASONABLE MINDS COULD COME TO DIFFERENT CONCLUSIONS."
On April 3, 1992, appellee performed a procedure to replace appellant's left knee. After appellant experienced some discomfort, on July 2, 1992 appellant visited Dr. David Herr for a second opinion. Herr determined that appellant's pain and swelling were normal, post-operative complaints associated with a knee reconstruction. Thus, Herr referred appellant back to appellee.
In October of 1992, appellant informed appellee that a few days earlier she had fallen while getting out of a rocking chair. Later in the month, appellee discovered that one of appellant's knee replacement plastic inserts had broken.
On October 26, 1992, appellee performed an "arthrotomy of left knee with removal of fractured tibial polyethylene insert and replacement of insert, fixation pin and clip." In laymen's terms, appellee removed and replaced a piece of a plastic component that had broken in appellant's left knee replacement.
In February of 1993, appellant's patella dislocated. On February 19, 1993, appellee performed a "reconstruction of left patellar mechanism for subluxation." In other words, appellee returned the patella to its proper location.
In March of 1993, appellant's patella again dislocated. Instead of a visit to appellee, however, appellant visited Dr. Herr. Appellant then decided to remain in Herr's care. In gathering appellant's history, appellant apparently (and inaccurately) informed Herr that appellee, in the fall of 1992, had performed a "total knee revision" in which appellee replaced all of the parts of her original knee replacement.
Dr. Herr eventually determined that two components of appellant's knee revision were not properly aligned: the femoral component and the tibial component.[1] Herr recommended that appellant undergo a second "total knee revision" to correct the misalignment that occurred during the first "total knee revision."
On May 5, 1999, appellant filed a complaint and alleged that appellee negligently performed surgeries on appellant's knee.[2] Appellee denied liability.
On August 24, 2000, Dr. Herr was deposed. In his deposition, Herr stated that appellee deviated from the standard of care. Herr opined that appellee lacked the appropriate skill and judgment to perform a "total knee revision." Herr stated: (1) that a surgeon who performs a total knee revision should possess "greater than average skill and greater than average judgment for a surgeon in a given set of circumstances;" (2) that orthopedic surgeons commonly refer total knee revisions to "a center where the expertise is considered to be greater and the experience is greater;" and (3) that a surgeon who performs a total knee replacement "should have the requisite skill to successfully carry out [the] revision." Herr testified that once appellee undertook the "total knee revision," the standard of care required him to align the femoral and tibial components "in a way that would be successful." Herr explained: "When a malposition relationship occurs in a revision situation, generally it occurs because the surgeon has failed to rise to that standard of judgment and skill."
Although Dr. Herr testified that the "total knee revision" fell below the standard of care, Herr explained that he did not believe that appellee's original April 1992 knee replacement surgery fell below the standard of care. In particular, Herr stated that he reviewed the x-rays from the original surgery and that based upon his review of those x-rays, he did not believe that appellee deviated from the standard of care in performing the original surgery.
On August 30, 2000, appellee filed a motion for summary judgment. Appellee contended that he did not deviate from the standard of care and that no genuine issues of material fact remained as to whether he deviated from the standard of care. Appellee noted that Dr. Herr, throughout his deposition, opined that appellee fell below the standard of care when performed the "total knee revision." Appellee asserted that Herr's opinion was based upon the erroneous assumption that appellee performed a "total knee revision," because, as appellee stated in his affidavit, he did not perform a "total knee revision." Additionally, appellee pointed to the October 26, 1992 "operative report" that lists the "operation performed" as an "arthrotomy of left knee with removal of fracture tibial polyethylene insert and replacement of insert, fixation pin and clip."
In opposition to appellee's motion, appellant submitted an affidavit from Dr. Herr that states that "he has read Defendant's Motion for Summary Judgment filed herein and he still holds the opinion to a reasonable medical certainty that Dr. Turner's care and treatment of Helen White was below the generally accepted standards of care." Appellant argued that Herr's affidavit established that a genuine issue of material fact remained as to whether appellee fell below the standard of care.
On August 1, 2001, the trial court granted summary judgment in appellee's favor. Appellant filed a timely notice of appeal.
In her sole assignment of error, appellant argues that genuine issues of material fact remain concerning whether appellee's conduct fell below the applicable standard of care. Appellant contends that Dr. Herr's affidavit, in which he states that appellee's care and treatment of appellant fell below the accepted standards of care, creates a genuine issue of material fact.
We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See, e.g., Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786, 788.
In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law. Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-70, 696 N.E.2d 201, 204; Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199.
A successful medical malpractice action requires the plaintiff to demonstrate that the defendant-physician failed to use that degree of skill, care and diligence that a physician or surgeon of the same medical specialty would employ in similar circumstances. See Berdyck v. Shinde
(1993), 66 Ohio St.3d 573, 579, 613 N.E.2d 1014, 1021; Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127, 346 N.E.2d 673, paragraph one of the syllabus. A plaintiff ordinarily must present expert testimony to establish the applicable standard of care. Bruni,46 Ohio St.2d at 131-32, 346 N.E.2d at 677-78.
In the case at bar, appellant presented expert testimony in the form of a deposition and in the form of an affidavit. The deposition testimony asserts that a genuine issue of material fact exists as to whether appellee fell below the standard of care in performing the "total knee revision," but not whether appellee fell below the standard of care in performing the original knee replacement or in any other respect.
Appellee's summary judgment motion and appellee's affidavit illustrate, however, that appellee did not perform a "total knee revision."[3] Presented with appellee's affidavit, appellant does not dispute that appellee did not perform a "total knee revision." Appellee's summary judgment motion, therefore, dissolves the genuine issue of material fact regarding whether appellee fell below the standard of care in performing a "total knee revision."
Thus, in order to avoid summary judgment in appellee's favor, appellant needed to set forth specific facts to demonstrate that appellee deviated from the standard of care in some respect other than the nonexistent "total knee revision." In light of this discrepancy, appellant admitted Dr. Herr's affidavit. Appellant's expert's affidavit fails, however, to show that appellee deviated from the applicable standard of care. The expert's affidavit sets forth a conclusion, not specific facts. The expert stated that "he still holds the opinion to a reasonable medical certainty that [appellee's] care and treatment of [appellant] was below the generally accepted standards of care." Conclusory allegations are insufficient to overcome a properly supported summary judgment motion. See Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679, 689, 591 N.E.2d 762,768-69 (stating that when a party opposing a summary judgment motion presents an affidavit, "it is essential that [the] affidavit set forth facts, not legal conclusions"); Rice v. Johnson (Aug. 26, 1993), Cuyahoga App. No. 63648, unreported ("A court may disregard conclusory allegations in an affidavit unsupported by factual material in the record."); see, also, Lewis v. Lawyer Chiropractic Clinic (Aug. 26, 1999), Scioto App. No. 98 CA 2590, unreported and Miltenberger v. Exco Co. (Nov. 23, 1998), Butler App. No. CA98-04-087, unreported (stating that an expert's affidavit must "set forth the expert's credentials and the facts and data he considered in rendering his opinion").
Moreover, in the case sub judice the expert's affidavit does not explain the discrepancy between his belief that appellee deviated from the standard of care and his deposition testimony in which he stated that the only fault he found with appellee's care of appellant was the total knee revision.[4]
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Dr. Herr explained that the femoral component is the piece of the knee replacement that is attached to the thigh bone and that the tibial component is the piece of the knee replacement that is attached to the tibia (the bone that runs from the knee to the ankle).
[2] Appellant first filed a complaint on February 18, 1994. On October 5, 1995, the trial court granted summary judgment in appellee's favor. Appellant appealed the trial court's judgment and this court reversed. SeeWhite v. Turner (Nov. 26, 1996), Scioto App. No. 95CA2392, unreported. On September 14, 1998, the trial court entered a voluntary dismissal without prejudice.
[3] In fact, in appellant's original 1994 memorandum opposing appellee's summary judgment motion, appellant notes that in both the surgeries, the femoral and tibial components were "untouched."
[4] In Fiske v. Rooney (1998), 126 Ohio App.3d 649, 661, 711 N.E.2d 239,247, this court stated:
 "`The non-moving party cannot defeat a motion for summary judgment by submitting an affidavit which, without explanation, directly contradicts his previous deposition testimony.' [Push v. A-Best Products Co. (Apr. 18, 1996), Scioto App. No. 94 CA 2306, unreported]; also see Steiner v. Steiner (Jul. 12, 1995), Scioto App. No. 93CA2191, unreported; LeMaster v. Circleville Long Term Care, Inc. (Feb. 22, 1988), Pickaway App. No. 87CA2, unreported. Our decision in Push left open the possibility that a non-movant could still contradict prior deposition testimony, and defeat a motion for summary judgment, if his affidavit contained an explanation for the conflict."
Appellee asserts that appellant's expert's affidavit conflicts, without explanation, with his prior deposition testimony and thus, is insufficient to create a genuine issue of material fact. We do not believe, however, that the expert's affidavit necessarily conflicts with his prior deposition testimony. Rather, appellant's expert's affidavit lacks a sufficient explanation of the underlying facts and conclusions. Thus, the affidavit at issue falls short of creating a conflict between the expert's affidavit and the expert's deposition testimony.