DECISION AND JUDGMENT ENTRY
Kevin Denney appeals the grant of summary judgment by the Jackson County Court of Common Pleas in favor of Progressive Insurance Company. He assigns the following error for our review:
 "APPELLANT KEVIN DENNEY ASSERTS THAT THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE PROGRESSIVE INSURANCE CO. SINCE THE DECISION WAS CONTRARY TO THE LAW AS INTERPRETED IN LITTRELL V. WIGGLESWORTH 91 OHIO ST.3d 425, AND DEFENDANT THEREFORE FAILED TO MEET THE STANDARD FOR THE GRANTING OF SUMMARY JUDGMENT."
Finding this error meritless, we affirm the judgment of the trial court.
Appellant was a passenger in a single-vehicle accident in which the operator lost control of the vehicle, allowing it to overturn.[1] The operator of the vehicle — and tortfeasor in the accident — had liability coverage through Progressive Insurance Company (appellee) in the amount of $12,500 per person. Appellant also had insurance through Progressive, which had issued underinsured motorist coverage in the amount of $12,500 per person. Appellant recovered the full amount, $12,500, from the tortfeasor's coverage; he then sought to recover under his policy with appellee for medical expenses and damages that exceeded $12,500. Appellee's denial of the claim initiated the dispute and resultant lawsuit.
Appellant filed his complaint in the Jackson County Court of Common Pleas. In his complaint, appellant sought damages in the amount of $12,500, as well as a declaratory judgment that (1) he is entitled to recover underinsured motorist benefits from appellee; (2) that the limit of underinsured motorist coverage is $12,500; (3) that any set-off which appellee is entitled to is from the amount of appellant's damages, not from the limits of underinsured motorist coverage; and (4) that R.C.3937.18 is unconstitutional, without stating any specific basis for this allegation. Appellee filed an answer, after which both parties filed cross motions for summary judgment. The trial court rejected appellant's claim for underinsured coverage and granted summary judgment in favor of Progressive. Appellant then filed this appeal.
When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Therefore, we must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-412, 599 N.E.2d 786. Summary judgment under Civ.R. 56(C) is appropriate when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. Vahila v. Hall,77 Ohio St.3d 421, 429-430, 1997-Ohio-259, 674 N.E.2d 1164. Therefore, we will uphold a grant of summary judgment when, construing the evidence in the most favorable light available to the non-moving party, the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Hall v. Fairmont Homes, Inc. (1995), 105 Ohio App.3d 424, 431, 664 N.E.2d 546. In this case, the material facts are not in dispute. Thus, we are only concerned with whether appellee was entitled to judgment as a matter of law.
R.C. 3937.18(A), as amended by S.B. 20, effective October 20, 1994, requires an insurer to provide the following coverage:
"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
Appellee's motion for summary judgment argued that under R.C.3937.18(A)(2), appellant has no claim for underinsured benefits because the limits of the tortfeasor's liability insurance (12,500/25,000) are equal to the underinsurance limits (12,500/25,000) of appellant's policy. It argued that since appellant received the limit of $12,500, he was not entitled to anything in excess of this amount. Appellee, in essence, asserts that a policy-to-policy comparison is appropriate in determining whether an insured is entitled to underinsured benefits.
In his motion, appellant argued that the "amounts available for payment" language does not include Medicare claims, i.e., because he had to reimburse Medicare, that amount is not included in determining his actual recovery. Thus, because he did not receive the full $12,500 for his own use, he argues he is entitled to underinsured motorist benefits under his own policy.
For purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into the contract for automobile liability insurance, or renewal of the contract, controls the rights and duties of the contracting parties. Rossv. Farmers Ins. Group, 82 Ohio St.3d 281, 287, 1998-Ohio-381,695 N.E.2d 732. Here, the contract for insurance was renewed on April 8, 1997, after the effective date of Senate Bill 20. Thus, R.C. 3937.18(A)(2) as amended by S.B. 20 applies to this case.
In analyzing R.C. 3937.18(A)(2), the Ohio Supreme Court in bothLittrell v. Wigglesworth, 91 Ohio St.3d 425, 2001-Ohio-87, 746 N.E.2d 1077, syllabus, and Clark v. Scarpelli, 91 Ohio St.3d 271, 2001-Ohio-39,744 N.E.2d 719, syllabus, held:
"For the purpose of setoff, the `amounts available for payment' language in R.C. 3937.18(A)(2) means the amounts actually accessible to and recoverable by an underinsured motorist claimant from all bodily injury liability bonds and insurance policies (including from the tortfeasor's liability carrier)."
The court also stated that the "amounts available for payment" language only arises when multiple parties and multiple policies are involved. SeeLittrell, supra, at fn. 6. Thus, when a single claimant seeks underinsured motorist coverage under a single policy, a strict policy-to-policy comparison is appropriate. See Clark, supra,91 Ohio St.3d at 278; Davidson v. Uhrig, Ross App. No. 00CA2543, 2001-Ohio-2492.
We need not make the determination of whether the "amounts available for payment" language includes Medicare costs. Since we are not dealing with multiple parties and multiple policies, the "amounts available for payment" language is inapplicable. This case involves a single claimant, namely, appellant, seeking underinsured motorist coverage under a single policy. Therefore, we compare the limits of the tortfeasor's policy with the limits of the appellant's underinsured motorist coverage. Each provided for $12,500 per person. This is the amount appellant received. He is not entitled to anything in excess of the $12,500.
This result complies with the public policy behind requiring underinsured motorist coverage. As both the Supreme Court and the legislature have stated, "underinsured motorist coverage * * * was not intended to be `excess insurance' to the tortfeasor's applicable liability insurance." Clark, supra, 91 Ohio St.3d at 276 and R.C.3937.18(A). The language of the statute provides that a person injured by an underinsured motorist should not be afforded greater protection than that which would be available had the tortfeasor been uninsured. SeeLittrell, supra, 91 Ohio St.3d at 430; Clark, supra,91 Ohio St.3d at 276. The $12,500 settlement placed appellant in the same exact position he would have been in had the tortfeasor been uninsured. He was not entitled to anything more. Thus, the trial court properly determined that he had no claim for underinsured coverage as a matter of law.
Accordingly, appellant's assignment of error is meritless.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Ruth Denney is listed as a plaintiff in the caption of the complaint in this case. However, the complaint does not state a cause of action for Ruth Denney; she is not even mentioned in the body of the complaint. Appellee did not move to dismiss her from the suit. The trial court, however, granted summary judgment in favor of the defendant on plaintiffs' complaint, thus terminating the action as to both plaintiffs. Only Kevin Denney appealed the entry.