DECISION AND JUDGMENT ENTRY
{¶ 1} Charles and Virginia Martin appeal the Jackson County Court of Common Pleas' entry of summary judgment in favor of Ronald T. Cochran, Margaret Cochran, Warren Cochran, Ruth V. and William B. Tucker, and James I. and Mozelle Meyer, on the Martins' claims of ownership of certain land Appellants assert that the court erred in granting summary judgment on their claim of mutual mistake in the language of the deed describing land they had purchased because the court considered inadmissible hearsay evidence and improperly applied the statute of frauds and the doctrine of laches. We conclude that, even if we strike the allegedly inadmissible evidence and do not apply the statute of frauds or the doctrine of laches, Appellants did not meet their burden of producing evidence demonstrating the existence of a mutual mistake. Accordingly, the court properly entered summary judgment in Appellees' favor. Appellants further argue that the court improperly entered summary judgment on their adverse possession claim. Because Appellants did not produce evidence demonstrating that their use of the land was sufficient to put the true owners on notice of Appellants' claim to the land or evidence demonstrating that they had used the land for the required twenty-one (21) year period, we conclude that the court properly entered summary judgment in favor of Appellees on that claim also.
 {¶ 2} In March 1957, Thomas B. Cochran ("Thomas") died testate. Thomas had named his daughter, Alice Lee ("Alice"), the executrix of his estate. At the time of his death, Thomas owned certain real estate in Bloomfield Township, Jackson County, that was separated into three parcels. Parcel One contained 40.50 acres, Parcel Two contained 80 acres, and Parcel Three was broken into two tracts that contained a total of 3.267 acres.
 {¶ 3} In May 1959, in her capacity as executrix, Alice conveyed real estate to Appellants. The executed deed described the conveyed land as that constituting Parcel One. In exchange for the conveyance, Appellants agreed to pay off the estate's mortgage to the Jackson Building, Loan and Savings Company totaling approximately $7,000.00, plus interest. The mortgage was secured by all three parcels of land
 {¶ 4} While the record in this action is not entirely clear, it appears that Thomas' estate was never settled. Through an oversight or neglect, the remaining parcels of land were never sold or distributed to the heirs.
 {¶ 5} In March 1995, Ronald T. Cochran ("Ronald") filed a complaint to quiet title to real estate against Margaret Cochran, Warren W. and Mary K. Cochran, James I. and Mozelle Meyer, Ruth V. and William B. Tucker, Alice and Larry Lee, Roger Lee, and all unknown heirs and descendants of Alice, Larry, and Roger Lee. Ronald, who is Thomas' grandson, sought to quiet title as to Parcels Two and Three. The original defendants are other descendants and/or heirs of Thomas.
 {¶ 6} Appellants filed a motion to intervene as third parties, which the trial court granted. Appellants then filed an Answer, Counterclaim and Crossclaim asserting that they were the sole owners of the property at issue. Appellants argued that they had purchased not only Parcel One, but all three parcels from Thomas' estate, and that the deed erroneously contained only a description of Parcel One. Therefore, Appellants sought reformation of their deed. In the alternative, Appellants argued that they own Parcels Two and Three through adverse possession.
 {¶ 7} In February 1997, Ronald and the original defendants (except Mary K. Cochran who no longer had an interest in the action due to the dissolution of her marriage to Warren W. Cochran) filed a motion for summary judgment on Appellants' claims. The court granted this motion in September 1997 and Appellants filed an appeal. In Cochran v. Cochran
(Mar. 9, 1998), Jackson App. No. 97CA817, we dismissed this appeal after determining that the court's entry was not a "final appealable order" as the court did not state that there was no just reason for delay and Ronald's action to quiet title against the original defendants remained pending. In May 2003, the trial court again granted summary judgment to Ronald and the original defendants on Appellants' claims. This entry contained a finding that there was no just reason for delay. Appellants filed a timely appeal, assigning the following errors: "Assignment ofError Number One(1) — The trial court erred by granting summary judgment in favor of movants because the trial court relied upon inadmissible layers of hearsay evidence. Assignment of Error Number One[sic](2) — The trial court erred by granting summary judgment in favor of movant-appellees because the statute of frauds does not preclude reformation of a written agreement which as a result of mutual mistake fails to reflect the intent of the parties. Assignment of Error NumberOne [sic](3) — The trial court erred by granting summary judgment in favor of movants because of the misapplication of the doctrine of laches. Assignment of Error Number One [sic](4) — The trial court erred by granting summary judgment in favor of movants due to the doctrine of adverse possession."
 {¶ 8} When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786.
 {¶ 9} Civ.R. 56(C) provides, in part: "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the summary judgment is made. See, e.g., Vahilav. Hall, 77 Ohio St.3d 421, 429-430, 1997-Ohio-259, 674 N.E.2d 1164.
 {¶ 10} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides: "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293, 75 Ohio St.3d 280; Jackson v.Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027.
 {¶ 11} In their motion for summary judgment, Appellees argued that Appellants' deed does not include a description of the land comprising Parcels Two and Three and, therefore, Appellants have no ownership interest in the real estate at issue. Appellees submitted that there was no mutual mistake as to the identity of the land purchased by Appellants from Thomas' estate. In support of their contention, Appellees produced a letter dated September 2, 1967, written by Alice and addressed to Margaret Cochran. In the letter, Alice expresses her wish that Ronald and his brother receive Parcels Two and Three. Appellees argued that this letter clearly demonstrates that Alice believed that the estate still owned this land and that Alice had not sold all of Thomas' real property to Appellants. Appellees further argued that the Statute of Frauds and the doctrine of laches preclude reformation of Appellants' deed to include Parcels Two and Three.
 {¶ 12} Concerning Appellants' adverse possession claim, Appellees argued that Appellants could not meet any of the necessary elements. However, Appellees specifically argued that Appellants could not demonstrate that their possession had been open, visible and notorious so as to raise a presumption of notice. Appellees argued that Ronald had used the land to hunt and allowed a tenant to use the land for hunting and cultivation. Therefore, Appellants had not exercised exclusive possession over the land
 {¶ 13} In their response to Appellees' motion, Appellants argued that the letter from Alice to Margaret Cochran was inadmissible and could not be considered for summary judgment purposes because Alice dictated the letter to an unknown third party who typed the letter. Appellants argued that the Statute of Frauds does not preclude the reformation of a written agreement that was the result of a mutual mistake. They also argued that Appellees could not invoke the doctrine of laches because they had unclean hands and could not show they had been materially prejudiced by the delay. Lastly, Appellants argued that they had satisfied all the elements of adverse possession.
 I. {¶ 14} In their first three assignments of error, Appellants assert that the trial court erred in considering Alice's letter, in applying the statute of frauds, and in applying the doctrine of laches when granting summary judgment. Because the trial court did not state its reasons for granting summary judgment, we do not know if the court actually considered the letter or applied the statute of frauds or the doctrine of laches. However, our own de novo review of the evidence produced by the parties demonstrates that summary judgment was appropriate even without considering Alice's letter or applying the statute of frauds or the doctrine of laches since Appellants failed to meet their evidentiary burden.
 {¶ 15} Appellees introduced summary judgment evidence that Appellants have no ownership interest in Parcels Two and Three as the property records reflect that ownership of only Parcel One passed to Appellants and the remaining parcels remained in Thomas' estate. Moreover, Appellants have never disputed that the property records do not reflect their ownership interest in Parcels Two and Three. Rather, Appellants contend that the deed is incorrect and both they and Alice intended for the estate to convey all three parcels of land As Appellees met their initial burden of demonstrating that Appellants have no interest in the land at issue, the burden shifted to Appellants to demonstrate that a genuine issue of material fact exists concerning the issue of mutual mistake and/or accuracy of the real estate records.
 {¶ 16} Appellants failed to produce any evidence through affidavits, deposition testimony or other means establishing that either they or Alice believed Appellants were purchasing Parcels Two and Three in addition to Parcel One. Instead, Appellants rely exclusively on the fact that the mortgage they agreed to pay as the purchase price for the land was secured by all three parcels. However, this evidence alone is insufficient to establish a genuine issue of material fact as it is certainly plausible that Alice and Appellants intended for the purchase price of Parcel One to be the payoff of the estate's mortgage despite the fact that the mortgage was secured by all three parcels. Perhaps if Appellants had produced evidence that the value of Parcel One alone was significantly less than the purchase price paid, Appellants would have met their burden. However, Appellants introduced no evidence as to either the current or past value of the land at issue. Because Appellants failed to meet their burden, the court properly entered summary judgment in Appellees' favor and assignments of error one, two and three are overruled.
 II. {¶ 17} In their final assignment of error, Appellants assert that the lower court erred in granting summary judgment on their adverse possession claim.
 {¶ 18} Because Appellees made a prima facie showing of legal ownership when they filed their motion for summary judgment, Appellants had the burden of making a prima facie showing as to each element of adverse possession to preclude summary judgment. Day v. Clifford (Aug. 24, 1993), Pike App. No. 93CA499, citing Bebout v. Peffers (Aug. 18, 1986), Knox App. No. 86-CA-02. To establish title to the land by adverse possession, Appellants were required to prove that they had exclusive possession and open, notorious, continuous and adverse use for a period of twenty-one (21) years. Grace v. Koch, 81 Ohio St.3d 577, 1998-Ohio-607,692 N.E.2d 2009, at the syllabus; also see, Perry v. Dearth (July 26, 2000), Washington App. No. 99CA26. It "is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character." Humphries v. Huffman (1878), 33 Ohio St. 395, 402. In addition, the occupancy "must be such as to give notice to the real owner of the extent of the adverse claim." Id. at 404.
 {¶ 19} In their motion, Appellees asserted that Appellants could not meet this burden as Ronald had no knowledge that Appellants asserted ownership over the land, even though Ronald regularly hunted on the land and permitted a tenant to use the land for cultivation and hunting. Appellees submitted Ronald's affidavit, which stated that over the past twenty-nine years, he and his friends hunted the land regularly in the fall and that he visited at other times every other year or every three years to walk the land During his trips to the land, Ronald never observed any evidence that someone else was exercising ownership over the 83 plus acres. Further, Ronald allowed Roger Scurlock to hunt on the land and farm a small tract. Since 1967, Ronald has paid the taxes on the land Ronald also asserted that, in 1993, he informed Charles Martin that he owned the land and Mr. Martin could not authorize others to use the access road. At that time, Mr. Martin made no claim of ownership of the land
 {¶ 20} Appellees also submitted the affidavit of Roger Scurlock who stated that he is 32 years old and, for as long as he can remember, his father cultivated a one acre tract of the land at issue with the permission of the Cochran family. Upon his father's death, Roger continued farming the land with Ronald's permission. Roger has also hunted on the land every year for the past twenty years. In the fall of 1996, Roger was approached by Charles Martin who stated that the land "was going to be" his land This was the first time Roger had ever seen Martin on the land at issue.
 {¶ 21} In response to Appellees' motion, Appellants submitted the affidavit of Charles Martin. In his affidavit, Martin states that he and his family have personally exercised exclusive control over the land at issue, that Ronald Cochran's affidavit is untrue, that Martin claimed ownership of the land when he confronted Ronald, that the affidavit of Roger Scurlock is false, and that Martin's family has used the land for hunting to the exclusion of all others.
 {¶ 22} Although Martin asserts that he and his family have exercised "exclusive control" over the land in question, the only purpose Martin specifically states that he used the land for is hunting. The notorious possession element requires that: "the adverse claim of ownership must be evidenced by conduct sufficient to put a person of ordinary prudence on notice of the fact that the land in question is held by the claimant as his own. The possession must be visible and open to the common observer of the property so that the owner or his agent, on visiting the premises, might readily see that the owner's rights are being invaded." Jennewine v. Heinig (Dec. 29, 1995), Greene App. No. 95-CA-12. Hunting alone is clearly insufficient to put a true owner on notice that his land is being invaded with the intent to claim ownership. Here, there is no evidence that Appellants built structures on or made changes to Appellees' land which would result in Appellees having been put on notice of Appellants' claim to the land Moreover, Martin fails to state when his family's alleged "exclusive control" over the land began. Therefore, there is no evidence in the record that Appellants have satisfied the twenty-one (21) year time period. Because Appellants failed to make a prima facie showing that they met all the requirements of adverse possession, their fourth assignment of error is overruled.
 {¶ 23} Having overruled all of Appellants' assigned errors, we affirm the trial court's grant of summary judgment.
Judgment Affirmed.
Evans, P.J. and Kline, J., concur in Judgment and Opinion