**ELLIOTT, Appellant,**

v.

**ELLIOTT, Appellee.**

[Cite as *Elliott v. Elliott,* 168 Ohio App.3d 218, 2006-Ohio-3797.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT05–0057.

Decided July 19, 2006.

Susan E. Small, for appellant.

Miles D. Fries, for appellee.

HOFFMAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Kathy L. Elliott, appeals the November 18, 2005 judgment entry entered by the Muskingum County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, Allen T. Elliott.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On January 22, 2000, appellant was a passenger in a vehicle operated by appellee. At all relevant times, appellant has been and is the wife of appellee. Appellant filed her original complaint for personal injury on January 22, 2002, but voluntarily dismissed the case pursuant to Civ.R. 4(A) on January 23, 2003. Appellant refiled the complaint on January 23, 2004. Within the complaint, appellant requested that service be held until further request, because appellant hoped to settle the matter directly with appellee's insurance company. Settlement was not effected. Appellant filed a request for service on January 21, 2005,

requesting that the complaint be served upon appellee by certified mail. On the following Monday, January 24, 2005, appellee advised appellant that he had received certified service of the complaint. The return receipt that was filed with the court indicates that appellee was not served until January 28, 2005. Appellee filed a timely answer.

{¶ 3} On May 19, 2005, appellee filed a motion for summary judgment, arguing that appellant never commenced the action, because service was not made on appellee within one year as required by Civ.R. 3(A). Appellant filed a memorandum in opposition. Therein, appellant explained that she had showed a file-stamped copy of the complaint to appellee and explained the need to obtain formal service upon him. Appellant advised appellee that he would need to obtain a certified letter by January 24, 2005, and if he did not, appellant would have to have him personally served. Appellee agreed to accept service of process. On January 24, 2005, appellee advised appellant that he had received the certified mail service. Based upon this conversation, appellant did not arrange for personal service. Appellant learned that formal service was not obtained until January 28, 2005, when she observed the certified document on the kitchen counter at the parties' residence. Although appellant did not deny that appellee did not receive certified mail service until January 28, 2005, she submits that appellee had been on notice of the lawsuit for almost a year before service was attempted. Appellant added that she had relied upon appellee's statement.

{¶ 4} By judgment entry filed November 18, 2005, the trial court granted appellee's motion for summary judgment.

{¶ 5} It is from this judgment entry that appellant appeals, raising the following assignment of error:

{¶ 6} "I. The trial court committed reversible error by granting defendant-appellee's motion for summary judgment as service of process upon defendant-appellee Allen T. Elliott was legally sufficient."

I

{¶ 7} In her sole assignment of error, appellant maintains that the trial court erred in granting summary judgment in favor of appellee.

{¶ 8} Our standard of review is de novo, and as an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. Accordingly, an appellate court must independently review the record to determine whether summary judgment was appropriate and need not defer to the trial court's decision. See *Brown v. Scioto Bd. of Commrs.* (1993), 87

Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786.

{¶ 9} Civ.R. 56 provides:

{¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

{¶ 11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 12} In her motion in opposition to summary judgment and her brief to this court, appellant asserts that appellee should be equitably estopped from claiming that service was not accomplished within the statutory period of time. We agree.

{¶ 13} "A prima facie case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party." *Doe v. Blue Cross/Blue Shield of* Ohio (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492, citing *First Fed. Sav. & Loan Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 463 N.E.2d 636.

{¶ 14} "In assessing these four elements in the context of a particular case, relevant factors include: ' * * * [ (a) ] the nature of the representation; (b) whether the representation was in fact misleading; (c) the relative knowledge and experience of the parties; (d) whether the representation was made with the

intent that it be relied upon; and (e) the reasonableness and good faith of the reliance, given all the facts and circumstances.' " Id.

{¶ 15} The trial court found that appellant was unable to show reasonable reliance. The trial court noted: "The Complaint was re-filed on January 23, 2004. There was not even an attempt to serve the Defendant until the Plaintiff filed a Request for Service on January 21, 2005, a mere two days before the Defendant would have to be served in order for the action to have been commenced. The failure to commence the action is due to the Plaintiff's own failure to prosecute her case, not any representations allegedly made by the Defendant."

{¶ 16} We find that the trial court erroneously considered the reasonableness of appellant's waiting to serve appellee until two days before the tolling date rather than analyzing the reasonableness of appellant's reliance upon appellee's statement that he was served on January 24, 2005. Appellee counters that a party cannot rely on the statement of an adverse party. Although we generally agree with appellee's proposition of law, when, as here, the opposing parties are husband and wife and under these unique circumstances are not "adversarial" in the traditional sense, we find that judicial estoppel applies. It was reasonable for appellant to rely on the statement of appellee, because the relationship between the parties was not acrimonious. Furthermore, because service was affected only a few days later, we find that appellee was not prejudiced thereby.

{¶ 17} Appellant's sole assignment of error is sustained. The judgment of the Muskingum County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed
and cause remanded.

FARMER and BOGGINS, JJ., concur.