[Cite as *Van Dyne v. Cortez*, 2012-Ohio-2618.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| J. ELLIOTT VAN DYNE | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J. |
|     Plaintiff-Appellant | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-100 |
| LOUISE CORTEZ | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 10 CV 00446


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    June 11, 2012


APPEARANCES:


For Plaintiff-Appellant    For Defendant-Appellee


JOHN L. ONESTO    J. MICHAEL KING
600 S. High Street    Jones, Norpell, Miller & Howarth
Columbus, Ohio 43215    35 South Park Place, Suite 35
P.O. Box 4010
Newark, Ohio 43058-4010

*Hoffman, J.*

{¶1}    Plaintiff-appellant J. Elliott Van Dyne appeals the September 13, 2011 Judgment Entry entered by the Licking County Court of Common Pleas in favor of Defendant-appellee Louise Cortez.

STATEMENT OF THE FACTS AND CASE

{¶2}    The parties entered into a written Attorney Employment Contract on March 4, 2008 in which Appellant agreed to represent John Cortez relative to two different criminal indictments containing twenty-five counts.  The contract stated a total fee of $65,000.00.

{¶3}    On November 26, 2007, Appellant was contacted by Michael Cortez concerning representation of his son, John Cortez, on numerous charges involving sex and drugs with a minor.  John Cortez had fled to South Carolina, and was awaiting extradition to Licking County.

{¶4}    Appellant agreed to represent John Cortez for the set fee of $65,000 for both indictments, subject to a written fee contract and indemnification of the monies by a co-signer and notes and mortgages.  Subsequently, Appellee Louise Cortez agreed to be a co-signer, and made payments pursuant to the Attorney Employment Contract ("Agreement") entered into between the parties.

{¶5}    On January 9, 2009, guilty pleas were entered in both criminal cases, and John Cortez was sentenced.  Following the pleas and sentencing, Appellant's representation of John Cortez concluded pursuant to the parties' Agreement.

{¶6}    Appellant filed a complaint for the collection of $17,700 due according to the Attorney Employment Agreement.  Appellee did not file an answer within the

allowed time. On May 17, 2010, Appellant filed a motion for default judgment. On May 18, 2010, the trial court granted the motion for default judgment, rendering judgment in favor of Appellant.

**{¶7}** On June 23, 2010, Appellee filed a motion to set aside the default judgment, which was granted by the trial court. Appellee subsequently filed an answer.

**{¶8}** On October 18, 2010, Appellant filed a motion for summary judgment. Appellee filed a memorandum contra opposing the motion for summary judgment on November 29, 2010. Via Judgment Entry of January 20, 2011, the trial court denied Appellant's motion for summary judgment.

**{¶9}** The matter proceeded to a bench trial. The parties subsequently filed proposed findings of fact and conclusions of law. Via Judgment Entry filed September 13, 2011, the trial court entered judgment in favor of Appellee.

**{¶10}** Appellant now appeals, assigning as error:

**{¶11}** "THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

**{¶12}** II."THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**{¶13}** Appellate courts review trial court summary judgment decisions de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts must independently review the record to determine if summary judgment is appropriate. In other words, appellate courts need not defer to trial court summary judgment decisions. See *Brown v. Scioto Cty. Bd. of Commrs.*

(1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786. Thus, to determine whether a trial court properly awarded summary judgment, an appellate court must review the Civ.R. 56 summary judgment standard as well as the applicable law. Civ.R. 56(C) provides:

**{¶14}** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶15}** Accordingly, trial courts may not grant summary judgment unless the evidence demonstrates that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429–430, 674 N.E.2d 1164.

**{¶16}** Appellant contends the fee agreement was a "flat-fee" or "set fee" agreement. Appellant cites *Skidmore and Associates Company, L.P.A. v. Southerland, et. al.*, (1993) 89 Ohio App.3d 177 for the proposition "Where the employment of an attorney is under an express, valid contract for an agreed fee, either for a specified amount or a specified percentage of recovery, such contract is conclusive as to the amount of such compensation." When an amount is agreed upon, there is no reasonableness evaluation as there would be in a case where an hourly rate is agreed upon, and the client later contests the amount of hours spent. *Giannini v. Maston* (2003) 2003-Ohio-1237, 7th District.

**{¶17}** Appellee counters the fee agreement is a "non-refundable" fee agreement based upon Paragraph 4 of the Attorney Employment Contract which reads:

**{¶18}** "The Sixty Five Thousand Dollar, legal fee is payable as follows: (1) Co-signor and Client have paid Fifteen Thousand Dollars to Attorney; and (2) the balance owing of Fifty Thousand Dollars shall be paid in full prior to the trial date. It is further understood and agreed that if the legal fee is not paid as agreed upon by the Client and Co-signor, attorney may apply to the Court for leave to withdraw as Counsel of Record in this cause without reimbursement of any legal fees paid and may cease any further representation immediately.

**{¶19}** "It is further understood and agreed that the above legal fees do not include any expenses for surety bail bonds or expert witnesses. The above legal fees do not include investigator fees."

**{¶20}** Ohio Rule of Professional Conduct 1.5(d) reads,

**{¶21}** "A lawyer shall not enter into an arrangement for, charge, or collect any of the following;

**{¶22}** \*\*\*

**{¶23}** "(3) a fee denominated as "earned upon receipt," "non-refundable," or in any similar terms, unless the client is simultaneously advised in writing that if the lawyer does not complete the representation for any reason, they may be entitled to a refund if the lawyer does not complete the representation."

**{¶24}** Assuming, arguendo, the parties' Agreement was a non-refundable agreement subject to Rule 1.5d and Appellee conceded it was made without providing a written advisement informing Appellee of her right to reimbursement pursuant to Rule 1.5(d) should Appellant cease representation, we find such of no consequence under the facts herein. As set forth above, Appellant's representation of John Cortez as contemplated in the Agreement was completed upon the plea of guilty to the criminal charges and the subsequent pronouncement of sentences. Therefore, we conclude it is immaterial whether Appellant provided Appellee a written advisement informing her of her right to reimbursement should Appellant cease representation prematurely. We do not find the failure to give the letter of advisement required by Rule 1.5(d) renders the Agreement void.

**{¶25}** The Agreement is not illegal or unconscionable. It remains enforceable, and reasonable minds can come to but one conclusion adverse to Appellee. Accordingly, we hold the trial court erred in not granting summary judgment in favor of Appellant.

**{¶26}** The first assignment of error is sustained.

II.

**{¶27}** Based upon our analysis and disposition of Appellant's first assignment of error, Appellant's second assignment of error is moot.

**{¶28}** The September 13, 2011 Judgment Entry of the Licking County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this Opinion.

By: Hoffman, J.

Delaney, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

J. ELLIOTT VAN DYNE             :

      Plaintiff-Appellant          :

-vs-                         :          JUDGMENT ENTRY

LOUISE CORTEZ             :

      Defendant-Appellee       :          Case No. 11-CA-100

For the reasons stated in our accompanying Opinion, the September 13, 2011 Judgment Entry entered by the Licking County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings in accordance with the law and our Opinion.  Costs to Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS